# United States Court of Appeals for the Federal Circuit

2006-1234
(Serial No. 78/192,104)

IN RE OMEGA SA (OMEGA AG) (OMEGA LTD.)

Matthew C. Wagner, Collen IP Intellectual Property Law, P.C., of Ossining, New York, argued for appellant. On the brief was Jess M. Collen.

Stephen Walsh, Associate Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, argued for the Director of the United States Patent and Trademark Office. With him on the brief was Nancy C. Slutter, Associate Solicitor. Of counsel on the brief was Robert Lorenzo, Senior Supervisory Attorney, Trademark Law Office, of Alexandria, Virginia. Of counsel were Christina J. Hieber and Cynthia C. Lynch, Associate Solicitors, of Arlington, Virginia.

Appealed from:    United States Patent and Trademark Office
                 Trademark Trial & Appeals Board

# United States Court of Appeals for the Federal Circuit

2006-1234
(Serial No. 78/192,104)

IN RE OMEGA SA (OMEGA AG) (OMEGA LTD.)

_____

DECIDED: July 23, 2007

_____

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

NEWMAN, Circuit Judge.

Omega S.A. appeals the decision of the Trademark Trial and Appeal Board (TTAB) of the United States Patent and Trademark Office (PTO), sustaining the Trademark Attorney's refusal to register Omega's trademark AQUA TERRA in Class 14 for "jewelry, precious stones; watches, watch straps, watch bracelets and parts thereof; chronometers, chronographs, watches made of precious metals, watches partly or entirely set with precious stones in International Class 14," unless Omega amended its application to limit

"chronographs" to "chronographs for use as watches." We affirm the decision of the Board.[1]

## DISCUSSION

The definition of goods in a trademark registration is a mixed question of law and fact, wherein the decision by the TTAB receives plenary review, with underlying factual findings reviewed for support by substantial evidence, with due regard to the discretionary authority of the PTO. See In re Int'l Flavors & Fragrances, Inc., 183 F.3d 1361, 1365 (Fed. Cir. 1999), citing Dickinson v. Zurko, 527 U.S. 150 (1999) (rulings of the PTO tribunals are reviewed in accordance with the Administrative Procedure Act).

The Trademark Attorney refused Omega's application for registration of AQUA TERRA in Class 14, on the ground that the term "chronographs" can refer not only to watches in Class 14, but also to time recording instruments in Class 9. The PTO directs attention to the online Acceptable Identification of Goods and Services Manual, which identifies "chronographs for use as specialized time recording apparatuses" as classified in International Class 9, whereas "chronographs for use as watches" or "chronographs for use as timepieces" are in International Class 14. Omega declined to amend its application, arguing that it already has several registered trademarks in Class 14 for use with "watches and chronographs," and that the term "chronographs" includes timepieces such as watches, whether or not "chronographs" also is used for time recording instruments. Omega points out that United States Class 14 does not include time recording instruments, and argues that the PTO requirement to restrict the definition of goods for registration of

---

1      In re Omega SA, Ser. No. 78/192,104 (TTAB Nov. 4, 2005).

2006-1234                                    2

AQUA TERRA in Class 14 is inconsistent with Omega's several other trademark registrations in Class 14. Omega expresses concern as to the effect of such a restriction on its existing registrations.

Omega argues that the term "chronograph" is internationally understood in the watch industry, although Omega does not dispute that "chronograph" can also designate time recording instruments. However, Omega argues that the PTO should not now require this additional qualification to the United States registration because the parent Swiss registration is based on International Class 14, which includes "chronographs [watches]," "chronometers," and "chronometrical instruments." Omega points out that the United States has adopted the International Classification, see The Trademark Manual of Examining Procedure (TMEP) §1401.02 ("As of September 1, 1973, the international classification of goods and services is the primary classification used by the United States, and it applies to all applications filed on or after September 1, 1973, and their resulting registrations, for all statutory purposes. See 37 C.F.R. §2.85.").

Omega argues that the limitation of "chronograph" to watches necessarily follows when registration is in United States Class 14, and that further qualification is unnecessary and superfluous since the only chronographs in Class 14 are watches. Omega points out that TMEP §1402.03(3) states that "An identification that can be understood when read in association with the title of the class in which it is placed, and that is otherwise satisfactory, should not be required to be further qualified by an amendment." Omega states that the Trademark Attorney's requirement simply leads to inconsistency in United States trademark practice.

The PTO responds that the requirement of a more precise description of goods for a United States registration is not governed by the international classification, nor by the existence of any foreign registration or other domestic registration for similar goods, citing In re Air Products and Chemicals, Inc., 192 USPQ 157, 158 (TTAB 1976) (the PTO is not compelled to accept International Classification entries for the specification of goods). The PTO states that the classification system is merely a search tool and does not determine the trademark owner's rights, which are based on use of the mark and identification of the goods, not on the class in which the mark is registered. See Jean Patou, Inc. v. Theon, Inc., 9 F.3d 971, 975 (Fed. Cir. 1993). The PTO states that if Omega were permitted registration for "chronographs" without limitation to watches, Omega could assert the registered mark against a maker of time recording instruments although Omega does not use the trademark with such goods. Omega states that its worldwide registrations for its trademarks for use including "chronographs" have seen none of the overreaching projected by the PTO. Although we doubt the rigor of the PTO's hypothesis, we agree that foreseeable confusion or conflict should be averted, and that in this case no detriment to any of Omega's marks is apparent. In view of Omega's concern that its other trademarks would be adversely affected, additional briefing was requested on this point. The PTO in its brief states that "third parties cannot challenge prior registrations based on terminology used in the ID in a more recent application/registration." The PTO states that its requirement for amendment to "chronographs for use as watches" has "no retroactive effect on an applicant's existing registrations" and "in no way harms or puts at risk previously registered marks having broader IDs." We confirm the general rule that the definition of

2006-1234                                             4

goods in one registration does not taint the definition of similar goods in any other registration.

The International Classification does not prohibit the imposition of additional requirements for national registration, as TMEP §1401.02(c) states:

> [B]ecause the international list was developed to *classify* goods and services and not to identify specific goods and services, most entries will not be sufficiently definite to use in an identification of goods or services. (Italics in original).

It is within the PTO's authority to develop particularized definitions that are "more extensive and specific than the Alphabetical List of Goods and Services that is published by WIPO." TMEP §1401.02(c), and to require compliance with such definitions. Treaty and statute do not prohibit domestic requirements that do not significantly diverge from the international classification. "It is within the discretion of the PTO to require that one's goods be identified with particularity." In re Water Gremlin Co., 635 F.2d 841, 845 (CCPA 1980).

Omega points to its several existing registrations for "chronographs" in Class 14, and presses the concern that variations in the definition of goods among its several trademarks might make these valuable marks vulnerable in unknown ways, or at least would require the burden and expense of modification of the existing registrations. Omega argues that inconsistent examination requirements place inappropriate burdens on applicants. We agree that consistency is highly desirable, and that the time and expense of complying with inconsistent applications burdens both the PTO and the public that depends on its services. However, the requirement herein imposed is not so extreme or unreasonable as to warrant judicial intervention into the internal procedures and requirements of PTO trademark examination. See Hyatt v. Boone, 146 F.3d 1348, 1355-56 (Fed. Cir. 1998) ("Courts should

not readily intervene in the day-to-day operations of an administrative agency."). The Trademark Attorney's requirement was within the PTO's discretionary authority, and will not be disturbed.

In sum, the scope of the term "chronographs" is ambiguous for registration purposes, for it includes both watches and time recording devices. Omega states that the only chronographs with which it uses the mark are "watches." The PTO has discretion to determine whether and how a trademark registration should include a more particularized statement of the goods for which the mark is be used; in the circumstances here the PTO did not abuse its discretion in determining that the term "chronographs" in the registration should be restricted to those "for use as watches." No basis for challenging this requirement has been shown. Although Omega expresses concern that this requirement may adversely affect its prior trademark registrations for "chronographs" that are not limited to "watches," the PTO has assured the court that the imposition of this requirement will not effect existing registrations.

The decision of the TTAB is

AFFIRMED.