THIS OPINION IS A
PRECEDENT OF THE T.T.A.B.

Mailed: October 31, 2007

**UNITED STATES PATENT AND TRADEMARK OFFICE**

_____

**Trademark Trial and Appeal Board**

_____

In re Thor Tech, Inc.

_____

Serial No. 78487208

_____

B. Joseph Schaeff of Dinsmore & Shohl LLP for Thor Tech, Inc.

Kristina Kloiber, Trademark Examining Attorney, Law Office 116 (Michael W. Baird, Managing Attorney).

_____

Before Hohein, Kuhlke and Walsh, Administrative Trademark Judges.

Opinion by Kuhlke, Administrative Trademark Judge:

Thor Tech, Inc. (applicant) has appealed from the final refusal of the examining attorney to register CHATEAU RESORT (in standard character form) on the Principal Register for goods that have been identified as "park trailers."[1]  Registration has been refused on the basis that the term "park trailers" in the identification of goods is indefinite, and therefore, unacceptable under 15 U.S.C.

---

[1] Application Serial No. 78487208, filed on September 21, 2004 under Section 1(b) of the Trademark Act, 15 U.S.C. §1051(b), alleging a bona fide intention to use the mark in commerce.

§1051(b)(2), which among other things requires that "[t]he application shall include specification of ... the goods in connection with which the applicant has a bona fide intention to use the mark."[2]

After issuance of the final refusal, applicant appealed. Both applicant and the examining attorney have filed briefs. We reverse the refusal to register.

The record in this appeal reveals that applicant filed concurrently two applications identifying its goods as "park trailers." Office actions were issued in both applications requiring amendment to the identification of goods, contending that such was overly broad in each case. Applicant responded similarly to the requirement in both applications. The examining attorney reviewing Serial No. 78487233 for the mark CITATION RESORT decided to accept the original identification and passed the application to publication, which subsequently resulted in issuance of Reg. No. 3083758 on April 18, 2006. The examining attorney

---

[2] While the examining attorney states in her brief that "[t]he decision as to the proper classification of goods or services is a purely administrative matter within the sole discretion of the United States Patent and Trademark Office," the refusal in this case is that the identification is not specific, as required by the statute, because it is too broad for classification, and that determination is subject to review by the Board. Compare In re Tee-Pak, Inc., 164 USPQ 88 (TTAB 1969) (classification) with In re Omega SA, 494 F.3d 1362, 83 USPQ2d 1541 (Fed. Cir. 2007) (identification too broad for classification).

in the present application, however, continued the requirement.

In its various responses to the requirement, applicant submitted several pieces of evidence consisting of excerpts from third-party publications, third-party web pages, an industry association web page and state laws to show that "park trailers" is a term of art readily understood by the consuming public to indicate a type of recreational vehicle. Included in applicant's evidence is the following (emphasis added):[3]

*Third-Party Online/Paper Publication*

> What Type of RV is Perfect for You?
> ... Towables ... Travel Trailers ... Fold
> Down/Pop Up Camping Trailers ... **Park trailers
> are recreational vehicles used primarily as
> destination camping units rather than traveling
> camping units.** When set, park trailers may be
> connected to utilities necessary for operation of
> installed fixtures and appliances. It's built on
> a single chassis which is mounted on wheels. At
> one time, these trailers qualified as eight-foot-
> wide RVs, but without self-contained features.
> They were normally pulled infrequently, perhaps
> to and from an owner's summer and winter haunts.
> Now, with admittedly some exceptions, many have
> evolved into miniature mobile homes, sometimes 12

---

[3] The examining attorney's objection to Exhibit Nos. C12 through C15 attached to applicant's brief is sustained. Trademark Rule 2.142(d) (record should be complete prior to filing of appeal). Similarly, the material attached to applicant's reply brief has not been considered. Id. To the extent the material may simply be duplicative of matter submitted during examination, it is already of record as part of the application file, and its submission with the briefs was unnecessary. See ITC Entertainment Group Ltd. v. Nintendo of America Inc., 45 USPQ2d 2021, 2022-23 (TTAB 1998).

feet in width ... In some states, some models require professional delivery and some models are intended for one-time setup on a permanent site. www.woodalls.com (5/2/2005);

See also Woodall's RV Buyer's Guides for 1998, 1996 and 1994;

*Third-Party Web Pages*

**... Park Trailers are recreation vehicles** primarily designed and intended to provide temporary living quarters for recreation, camping, or seasonal use ....  While these vacation homes are not large enough for use as a primary residence, they are just the right size for a family's private get-a-way home. www.sunlakelivingsystems.com;

See also www.forestriverinc.com and www.canterburyrv. com;

*Industry Association Web Page*

Recreational Park Trailer Industry Association, Inc. ... **What Are Park Trailers ... Park Trailers are recreation vehicles** primarily designed as temporary living quarters for recreation, camping or seasonal use. www.rptia.org;

*State Laws*

Safety and Construction Standards for Recreational Vehicles ... Definitions ... **Park Trailer or Recreational Park Trailer means a recreational vehicle** built on a single chassis, mounted on wheels, designed to provide recreational, seasonal or temporary living quarters which may be connected to utilities necessary for operation of installed fixtures and appliances, and with a gross trailer area not exceeding 400 square feet when in the set-up mode.  **Such a vehicle shall be referred to and identified by the manufacturer or converter as a recreational vehicle ... Recreational Vehicle means a vehicle as defined in ORS 446.003(37) and**

> **specifically includes camping trailers, camping vehicles, motor homes, park trailers**, bus conversions, van conversions, tent trailers, travel trailers, truck campers, combination vehicles which include a recreational vehicle use and any vehicle converted for use or partial use as a recreational vehicle ....
> Oregon Administrative Rules available at arcweb.sos.state.or.us;

See also www.rilin.state.ri.us; www.lrc.state.ky.us; onlinedocs.andersonpublishing.com; Page's Ohio Revised Code Annotated ... Title 45 Motor Vehicles.

In addition, applicant submitted copies of various trademark registrations in which the list of goods includes the term "park trailers." See, e.g., Reg. Nos. 2283133, 2367813, 2287659, and 2439613.[4]

Applicant accordingly states that its "goods are commonly referred to in the industry, to customers and in statutes as park trailers." Br. p. 2.

The examining attorney argues, based on certain references in the record, that "[p]ark trailers may be used as travel trailers or as mobile homes" and that "[b]ecause travel trailers are classified in International Class 12 and mobile homes are classified in International Class 19, ... the wording 'park trailers' [as the identification of applicant's goods] is insufficient to allow proper

---

[4] Two of the above-noted registrations list applicant as the record owner. See Reg. Nos. 2439613 and 2367813.

classification." Br. p. 3. The examining attorney highlighted the following excerpts:

> ... often the largest towable RVs ... some models are intended for one-time set-up on a permanent campsite (Woodall's RV Buyer's Guide);
>
> ... The wider, less mobile units are usually sited in RV parks for extended terms, typically for several years (www.sunlakelivingsystems.com);
>
> [p]ark trailers have been around for decades, dotting recreational vehicle (RV) parks, campgrounds and other more rural vacation spots where owners place them and travelers rent them out as alternatives to tents and RVs ... [m]ore and more owners are buying a patch of dirt beneath them and using the trailers as vacation housing – play houses for adults, after all (realtytimes.com).

The examining attorney therefore offered the following identifications of goods: "Park trailers, namely, [applicant must specify, e.g., camping trailers, travel trailers, etc.] in International Class 12," and "Park trailers, namely, [applicant must specify, e.g., manufactured housing, namely, mobile homes] in International Class 19."

As detailed in the Trademark Manual of Examining Procedure (TMEP), an identification of goods "should set forth common names, using terminology that is generally understood .... Terminology that includes items in more than one class is considered indefinite." TMEP §1402.01 (5th ed. 2007). Further, the United States Patent and

6

Trademark Office (USPTO) has the discretion to require the degree of particularity deemed necessary to clearly identify the goods covered by the mark. Omega, supra. The USPTO exercises this discretion within the following parameters. An identification of goods or services will be considered acceptable if it: (1) describes the goods and/or services so that an English speaker could understand what the goods and/or services are, even if the grammar or phrasing is not optimal; (2) meets the standards (not necessarily the language) set forth in the Acceptable Identification of Goods and Services Manual; (3) is not a class heading; and (4) is in the correct class. TMEP §1402.01(a). Finally, the USPTO gives deference to the language set forth by the applicant. Id.

The class headings relevant to this case are: "International Class 12 (Vehicles) Vehicles; apparatus for locomotion by land, air or water"; and "International Class 19 (Nonmetallic Building Materials) Building materials (non-metallic), non-metallic rigid pipes for building; asphalt, pitch, and bitumen; non-metallic transportable buildings; monuments not of metal." TMEP §1401.02(a).

Within the framework outlined above, we must determine whether the term "park trailer" has a particular meaning and the scope of that meaning as used in the application.

7

Applicant has shown through the evidence of record that "park trailer" has a well defined meaning in applicant's recreational vehicle industry. Applicant's evidence establishes that the term "park trailer" is known in applicant's field and to consumers as a designation for a type of recreational vehicle. The record even contains definitions of the term "park trailer" as a recreational vehicle by an industry trade association and several state laws.

A term in an identification of goods should be read to have its ordinary meaning. See TMEP §§1402.01, 1402.05 and 1402.07(a). Based on the evidence of record it is clear that a "park trailer" is a commercial term of art generally understood by those in the industry and consumers as a type of recreational vehicle which unambiguously places it in International Class 12. In regard to the examining attorney's argument that park trailers may be used as mobile houses, we take judicial notice of the following dictionary definition:[5]

> Mobile Home: n. A large trailer, fitted with parts for connection to utilities, that can be installed on a relatively permanent site and that

---

[5] The Board may take judicial notice of dictionary definitions. University of Notre Dame du Lac v. J.C. Gourmet Food Imports Co., 213 USPQ 594, 596 (TTAB 1982), aff'd, 703 F.2d 1372, 217 USPQ 505 (Fed. Cir. 1983).

8

is used as a residence.  Also called manufactured home.

<u>The American Heritage Dictionary of the English Language</u> (4th ed. 2006).

Nowhere in this definition is a mobile home referred to as a "vehicle," whereas park trailers are always categorized as recreational vehicles and, while used as seasonal lodging, they are not considered a primary residence.  See sunlakelivingsystems.com ("[w]hile these vacation homes are not large enough for use as a primary residence, they are just the right size for a family's private get-a-way home").  The fact that park trailers may be used in a manner similar to mobile or manufactured housing (see, e.g., www.woodalls.com, which states that "many have evolved into miniature mobile homes"), does not render the common commercial name indefinite for classification in International Class 12.  Cf. TMEP §1401.07 (plurality of uses); Ex parte Schatz, 87 USPQ 374, 376 (Comm'r Pats. 1950) (where applicant seeks registration in a single class, division should not be required when it clearly appears from the description of the goods that registration is sought on only a

single item of merchandise, even though it is marketed bearing a statement of multiple use).

The facts in this case are distinguishable from Omega, supra. In Omega, the USPTO required further clarification of the term "chronographs" in the identification in order to properly classify the goods inasmuch as "the scope of the term 'chronographs' is ambiguous for registration purposes, for it includes both watches and time recording devices..." Omega, supra at 1544. Here, "park trailers" are unequivocally recreational *vehicles*. Further, in Omega the applicant agreed that the identification "chronographs" included goods in two international classes. In this case, applicant has made no such statement, and has maintained that it is a type of vehicle.

In view of our finding that park trailers are a type of vehicle, the identification is not too broad for classification in International Class 12.

**Decision**: The refusal to register is reversed.