This Opinion is a
Precedent of the TTAB

Mailed: March 11, 2020

UNITED STATES PATENT AND TRADEMARK OFFICE

————

Trademark Trial and Appeal Board

————

*In re Carlton Cellars, LLC*

————

Serial No. 87438793

————

David P. Cooper of Kolisch Hartwell, P.C. for Carlton Cellars, LLC.

Tamara Hudson, Examining Attorney, Law Office 104,
    Zachary Cromer, Managing Attorney.

————

Before Kuhlke, Wolfson and Lynch,
    Administrative Trademark Judges.

Opinion by Wolfson, Administrative Trademark Judge:

Carlton Cellars, LLC ("Applicant") seeks registration on the Principal Register of

the mark SEVEN DEVILS in standard characters for goods ultimately identified as:

> "Wine related accessories, namely, foil cutters for wine
> bottles in Class 8; wine openers; wine aerators; pouring
> spouts for wine for household use; coolers for wine;
> beverage glassware, all in Class 21; clothing, namely, t-
> shirts, hats, and visors in Class 25; and wine in Class 33."[1]

---

[1] Application Serial No. 87438793 was filed on May 5, 2017, under Section 1(a) of the
Trademark Act, 15 U.S.C. § 1051(a), based upon Applicant's allegation of first use of the mark
anywhere, and first use of the mark in commerce, at least as early as September 24, 2010.

As originally written, the identification of goods read: "wine and wine-related accessories and other goods, namely foil cutters, openers, aerators, pour spouts, bottle coolers, glassware, clothing, and other wine-related goods." Applicant left the "International Class" field blank in the application, and paid fees sufficient to satisfy a single class only. During pre-examination, for purposes of applying the fee paid for only one class, the U.S. Patent and Trademark Office (USPTO) designated the application in International Class 8. *See* TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) § 1401.03(b) (October 2018) ("In an application under § 1 or § 44 of the Trademark Act, if the applicant does not designate a class number(s), the USPTO will do so.").

The Trademark Examining Attorney initially refused registration of Applicant's mark on the grounds that the identification of goods as written was indefinite (specifically with respect to "clothing" and "other wine-related goods") and identified goods in more than one International Class without payment of sufficient fees.[2] August 4, 2017 Office Action, TSDR 1.[3] Applicant responded by listing the goods in a single identification statement as noted above,[4] and asserting that it would "pay for

---

[2] Trademark Rule 2.86(a)(2), 37 C.F.R. § 2.86(a)(2), provides: "In a multiple-class application, the applicant must satisfy the following, in addition to the application requirements of § 2.32 for a trademark or service mark, and § 2.44 for collective marks: … (2) Submit the application filing fee required by § 2.6 for each class… ."

[3] Page references to the application record are to the USPTO's Trademark Status & Document Retrieval (TSDR) system. References to the briefs are to the Board's TTABVUE docket system.

[4] That is, by identifying the goods as "Wine related accessories, namely, foil cutters for wine bottles in Class 8; wine openers; wine aerators; pouring spouts for wine for household use; coolers for wine; beverage glassware, all in Class 21; clothing, namely, t-shirts, hats, and visors in Class 25; and wine in Class 33."

additional classes of goods in a separate communication." February 5, 2018 Response, TSDR 1. Applicant did not pay the fees for any additional classes, nor does the record reflect any separate communication following this response.

After the Examining Attorney issued a Final Action not only on these requirements, but also on a substantive refusal under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), based on U.S. Registration No. 4845400 for the mark SEVEN DEVILS (in standard characters) registered on the Principal Register for "Distilled Spirits; Spirits; Whiskey spirits" in International Class 33, Applicant appealed to this Board.[5] It then filed a Request for Reconsideration,[6] which stated that "Applicant will pay for the additional classes of goods after speaking with the Examining Attorney to learn whether the goods are approved." December 11, 2018 Request for Reconsideration, TSDR 1. The Board then suspended the appeal and remanded to the Examining Attorney for a decision on the Request for Reconsideration.[7] However, notwithstanding Applicant's expressed intention of discussing the refusal with the Examining Attorney, the record contains no indication that an oral communication between Applicant and Examining Attorney occurred. After the Examining Attorney

---

[5] Applicant paid the notice of appeal fee for only a single class. *See* Trademark Rule 2.6(b)(18)(ii), 37 C.F.R. § 2.6(b)(18)(ii) ($200 per class required).

[6] The Request for Reconsideration is contained in Applicant's "Petition to Revive Abandoned Application," which Applicant filed after the application was abandoned for Applicant's failure to timely respond to the March 1, 2018 Office Action. The Petition is entered in the TSDR database, and not in TTABVUE. Applicant's Petition was granted on January 29, 2019.

[7] 2 TTABVUE.

denied Applicant's Request for Reconsideration, 5-6 TTABVUE, the Board resumed the appeal and briefs were filed.

In its Brief, Applicant's only statement regarding the requirements is that it "will submit payment of the fees for the additional classes of goods pending outcome of the appeal." 4 TTABVUE 2. The primary focus of Applicant's Brief, as with its Responses during prosecution and its Request for Reconsideration, is to traverse the Examining Attorney's substantive refusal to register Applicant's mark under Section 2(d). *Id.* at 2-4.

We affirm the Examining Attorney's requirements for a definite identification of goods, and for payment of sufficient fees to cover four classes. As discussed below, in circumstances such as this, we will not, and do not here, reach the substantive refusal under Trademark Act Section 2(d).

## I. Requirement for Sufficient Fees

We begin by addressing the Examining Attorney's refusal based on the insufficiency of the fees paid for the application, which identifies goods in International Classes 8, 21, 25 and 33.

"Classification is the basis for determining the number of fees that must be paid." TMEP § 1401.04. Trademark Rule 2.86(a)(2), 37 C.F.R. § 2.86(a)(2), provides that in a multiple-class application, the applicant "**must**…submit the application filing fee required by § 2.6 for each class." (emphasis added); *see also* Trademark Act Section 30, 15 U.S.C. § 1112 (in a multiple-class application, "a fee equaling the sum of the fees for filing an application in each class shall be paid"); TMEP § 1401.04 (if the application sets forth goods or services in more than one class, and insufficient fees

to cover all the classes have been paid, "the applicant must either amend the application to restrict the goods or services to the number of classes for which the fee has been paid or submit additional fees to cover all the goods or services set forth in the identification."). Proper classification allows for administrative recordkeeping, enables accurate and efficient public searches of USPTO records, and facilitates examination of applications filed with the USPTO by aligning fees with costs.[8] Because a search must be done in each class designated, a greater number of international classes in an application may require a more extensive and time-consuming search.

Where an application is filed with insufficient fees to cover all the goods identified in the application because they fall into more than one class, the USPTO has an established policy "to ensure the collection of application filing fees from all applicants on an equitable basis." TMEP § 810.01. The USPTO applies the fees on a class-by-class basis. In this manner, the application may advance to examination

---

[8] As explained in the USPTO FY 2019 Performance and Accountability Report, available at https://www.uspto.gov/sites/default/files/documents/USPTOFY19PAR.pdf, on page 19:

The USPTO is a government agency with a strong commitment to delivering its mission; yet, because it is funded through user fees, in many ways it operates like a private sector business. The USPTO is a performance-based, production-oriented, revenue-generating entity (i.e., zero dollars received in taxpayer funding), with a demand-driven workload and budgetary requirements.

The USPTO's fees are set at rates intended to cover the cost of services provided, including maintaining prudent operating reserves, which are crucial for managing within the agency's complex and uncertain operating environment.

This includes providing a nationwide workforce "24/7/365" operational capability, improving IT support for examination and revenue-collection capabilities, providing IT recovery capabilities to sustain the business, making more successful and more reliable IT deployments, and enhancing the understanding of the interactions between IT and business functions.

without delay, the lack of payment of appropriate fees may be addressed by an authorization to charge an Applicant's or its attorney's Deposit Account. *Id.* If, however, "an authorization to charge fees has not been provided and the examining attorney is unable to secure one, the examining attorney must issue a written Office action noting the deficiency and requiring either payment of the fees or deletion of classes." *Id.* As in this case, such an application will be prosecuted, and an appropriate Office Action issued, because at least a single class fee has been paid.

Here, the application proceeded in Class 8. Nonetheless, Applicant has made it clear at every opportunity throughout this proceeding that it is seeking a registration that covers goods in more than one class. Applicant expressed its intent to obtain a registration in four separate classes in several ways. First, Applicant's identification of goods lists the goods according to their classification, groups them by class, and identifies them separately among Classes 8, 21, 25 and 33. Second, in Applicant's February 25, 2018 Response, the goods are explicitly grouped by their classifications in Classes 8, 21, 25, and 33. Third, in describing the mark in its brief, Applicant again divides the goods by class, listing the class first, then naming the goods. 4 TTABVUE 1. Fourth, Applicant indicates a future intent to pay additional class fees with every communication it has filed during the course of this proceeding.[9]

---

[9] Applicant's brief includes a request for "reversal of the Examining Attorney's Section 2(e)(1) [sic] refusal, and remand to the Examining Attorney with instructions to issue an Office action for payment of the filing fees." 4 TTABVUE 4. The substantive refusal in this case was made under Trademark Act Section 2(d), not Section 2(e)(1).

The application identifies goods in multiple classes and Applicant has demonstrated a clear intention to seek registration in multiple classes. Yet Applicant has, at every opportunity, failed to pay additional fees to cover all the goods set forth in the identification. To proceed under Applicant's proposed arrangement essentially denies the fee revenue the USPTO needs to carry out its operations. Accordingly, we affirm the Examining Attorney's requirement to submit sufficient fees or restrict the identification of goods in the application to a single class. Trademark Rule 2.86(a)(2).[10]

## II. Requirement for a Definite Identification of Goods

An application must specify the goods or services on or in connection with which an applicant uses or has a bona fide intent to use the mark in commerce. 15 U.S.C. §§ 1051(a)(2), 1051(b)(2) and 1053. Trademark Rule 2.32(a)(6), 37 C.F.R. § 2.32(a)(6), requires that the application specify the "particular" goods or services. To specify the particular goods means to identify them in an explicit manner. TMEP § 1402.01. The identification of goods and/or services must be specific, definite, clear, accurate, and concise. *See In re Societe Generale des Eaux Minerales de Vittel S.A.*, 1 USPQ2d 1296 (TTAB 1986), *rev'd on other grounds*, 824 F.2d 957, 3 USPQ2d 1450 (Fed. Cir. 1987). We assess the requirement for a definite identification of goods as Applicant has insisted on presenting it on appeal – the listing as set forth above in a single International Class.

---

[10] As discussed more fully below, the proceeding will not be reopened to allow Applicant to submit sufficient fees to cover all the classes, or amend the application to a single class.

We find that Applicant's identification of goods as submitted is indefinite for two reasons. First, the identification improperly refers to specific class numbers. *See* TMEP § 1402.01 ("The identification itself must not include references to specific class numbers."). Second, while Applicant appears to recognize that the identified goods fall into multiple classes, it has maintained this as a single-class application, refusing to either delete goods to limit the application to a single class or submit fees to allow for multiple classes. This disconnect between the one class that was maintained and an identification containing not only goods from other classes but references to other class numbers themselves makes the identification indefinite. "An identification that fails to identify the goods and services with specificity is indefinite, either because the nature of the goods or services is not clear **or because the wording is so broad that it may include goods or services in more than one class**." *Id.* (emphasis supplied). *Cf. In re RSI Sys., LLC*, 88 USPQ2d 1445, 1450 n.5 (TTAB 2008) ("If a proposed identification can be classified in more than one class, it is not an acceptable identification of goods or services.") (citing *In re Omega SA*, 494 F.3d 1362, 83 USPQ2d 1541, 1544 (Fed. Cir. 2007) (finding "scope of the term 'chronographs' is ambiguous for registration purposes, for it includes both watches and time recording devices")); TMEP § 1402.06(a) ("However, an identification may not include phrases such as 'included in this class' or 'not included in other classes.' Such wording is not part of the common name of a good or service, and those unfamiliar with the Nice Classification would not understand the limitation.").

Here, even though the wording in the identification is specific and the individually listed goods are definite by themselves, the identification as a whole is indefinite because it includes goods in more than one class and refers to class numbers. "Terminology that includes items in more than one class is considered indefinite, even with such additional wording as 'included in this class' at the end of the identification." TMEP § 1402.01.

Although the fee has been applied to International Class 8 for administrative convenience, the Board will not, sua sponte, amend Applicant's identification of goods to "foil cutters for wine bottles." To do so would require the Board to disregard the remaining goods, together with their class designations, including the designation "in Class 8." *Cf.* TMEP § 1402.03, which notes that if an applicant fails to respond to an Office action that "includes an advisory stating that amendment would require the payment of additional fees because the fee paid is insufficient to cover all the classes … the entire application will be abandoned."

In addition, once the Board issues its decision on the merits of a case, it may not be reopened except for entry of a disclaimer under Trademark Act Section 6, 15 U.S.C. § 1056, or upon petition to the Director, a situation inapplicable here. *See* Trademark Rule 2.142(g), 37 C.F.R. § 2.142(g); *see also In re Brack*, 114 USPQ2d 1338, 1342-43 (TTAB 2015) ("We note that the involved application may not be reopened for further examination following this appeal. … Therefore, Applicant's failure to comply with the requirement to sign and verify the involved application prior to appeal cannot be remedied after issuance of this decision."

(internal citations omitted)); TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 1218 (2019) (applicant "may not amend its application, or submit additional evidence [once an application has been considered and decided by the Board on appeal], except for entry of a disclaimer or upon order of the Director").

By including the class designations for each category of goods, and because the goods fall into more than one class, the identification suffers from indefiniteness. Trademark Rule 2.32(a)(6). The USPTO will not register a mark in an application where the identification of goods remains indefinite. We affirm the Examining Attorney's refusal based on the unmet requirement that the identification of goods be definite.

## III. Conclusion

Applicant's continued attempt to maintain a multiple-class application upon payment of only a single class fee exhibits at best a misapprehension of, and at worst blatant disregard for, USPTO policy and procedure. Applicant had a duty under the Trademark Rules to submit the appropriate filing fee for the number of classes for which registration is desired, as well as a duty to include a listing of goods that is "specific, definite, clear, accurate, and concise." TMEP § 1402.01. Applicant failed to comply with either requirement.

Failure to comply with a legitimate requirement is sufficient grounds for refusal of registration. *See, e.g., In re Ocean Tech., Inc.*, 2019 USPQ2d 450686, *2 (TTAB 2019) ("An applicant's failure to respond to an information requirement is grounds for a refusal."); *In re Fiat Grp. Mktg. & Corp. Commc'ns S.P.A.*, 109 USPQ2d 1593, 1599 (TTAB 2014) (applicant's failure to comply with a requirement pursuant to 37

C.F.R. § 2.71(a) for an acceptable identification of services is grounds for refusal to register as to the specified services); *In re AOP LLC*, 107 USPQ2d 1644, 1651 (TTAB 2013); *In re Cheezwhse.com Inc.*, 85 USPQ2d 1917, 1919 (TTAB 2008); *In re DTI P'ship LLP*, 67 USPQ2d 1699, 1701 (TTAB 2003). Moreover, any attempt we would have made to assess the substantive merits of the likelihood of confusion refusal would have been hindered by Applicant's failure to clarify the goods for which it seeks registration.

In view of our decision with respect to the requirements, we do not reach the Section 2(d) likelihood of confusion refusal. *In re Brack*, 114 USPQ2d at 1343 (declining to reach refusal under Trademark Act Section 2(d) because applicant failed to comply with the requirement to submit a signed and verified application); *DTI P'ship, LLC*, 67 USPQ2d at 1702 (declining to reach refusal under Trademark Act Section 2(e)(1) because applicant failed to comply with Trademark Rule 2.61(b) requirement for information). Further, even if the Board were to consider the Section 2(d) refusal, the end result would not change, given that we found that Applicant failed to comply with the requirements and affirmed the refusal of registration on that basis.

**Decision:** We affirm the Examining Attorney's final refusal to register Applicant's mark for "Wine related accessories, namely, foil cutters for wine bottles in Class 8; wine openers; wine aerators; pouring spouts for wine for household use; coolers for wine; beverage glassware, all in Class 21; clothing, namely, t-shirts, hats, and visors in Class 25; and wine in Class 33" based on Applicant's failure to comply

with the requirements for payment of sufficient fees and for a definite statement of goods.