NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**IN RE: NAGARAJAN DURAISAMY,**

*Appellant*

———————————

2024-2183

———————————

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 97552142.

———————————

Decided: September 3, 2025

———————————

NAGARAJAN DURAISAMY, Fremont, CA, pro se.

MICHAEL CHAJON, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Coke Morgan Stewart. Also represented by ROBERT J. MCMANUS, AMY J. NELSON, MARY BETH WALKER.

———————————

Before DYK, PROST, and STOLL, *Circuit Judges*.

PER CURIAM.

Nagarajan Duraisamy appeals from a decision of the U.S. Trademark Trial and Appeal Board ("Board") affirming the trademark examining attorney's refusal to register Mr. Duraisamy's mark for failure to provide an acceptable

entity designation, description of the mark, and identification of goods and services. *In re Duraisamy*, No. 97552142, 2024 WL 3025989 (T.T.A.B. June 4, 2024) ("*Decision*"). For the reasons set forth below, we affirm.

BACKGROUND

On August 17, 2022, Mr. Duraisamy applied for trademark registration of the mark:

THALAMI

S.A. 50–55.[1] Mr. Duraisamy did not claim color as a feature of the mark. S.A. 52. He described the mark in his application as: "[t]he mark consists of regular English language text with font 'Times New Roman' with size 19 pt. No character styles. Text Color Black in white background." S.A. 50. He identified the goods and/or services as "[s]oftware development and product development in the field of software applications, embedded systems and applications with hardware," and he listed International Class 42 as the class for the goods and/or services. S.A. 50. Mr. Duraisamy listed his name as the owner of the mark but listed "limited liability company" as the type of legal entity. S.A. 50. On April 18, 2023, Mr. Duraisamy amended his application to change the identification of goods and/services to:

> Software development and product development in the field of software applications, embedded systems and applications with hardware. Product name: Thalami Sensor Network. The product has hardware and software that accompanies it. The infrastructure might be considered as a new method or process to realize a network and how to leverage it. The applicability of the concept can be

---

[1]    "S.A." refers to the supplemental appendix included with the government's brief.

considered very ubiquitous and can be applied to multiple vertical domains Design and development of virtual (online virtual spaces like websites or virtual reality spaces) and real spaces (like town planning or design of various parts of a city or region), Consumer appliances and security systems, Industrial equipment, Surveillance, Emergency management in real or virtual world, Real estate, Sports, large venues (convention center or stadium), Education, Entertainment, Information Technology, Avionics, Communication, Navigation and mapping, Industrial automated and manual manufacturing, Textiles, Automobiles and Robotics, Logistics (Storage/Warehouse/distribution), Agriculture, Medical, Retail, Hotels / restaurants/ hospitals, Transport networks, Media, Construction, Government, Trading networks, Public utilities like electricity and water, Public Transit and distribution networks (shipping/railways/airlines/drones/self driving or autonomous vehicles), Pharmaceutical research, Geological research, Research and Design of products, Point of sale or retail stores, Governance of Private/Public businesses, Defense, Consumer applications, movies, music, games and applications that require checks and balances like accounting, finance, inventory, compliance, security, sales, manufacturing, human resource management, customer relationship management and advertising. User interface that leverages virtual or mixed or augmented reality in addition to conventional user interface. I have applied for a provisional patent application number 63447002. In addition to the software, this trademark will be used for on demand or downloadable two dimensional and/or multidimensional audio / video user interface and/or real-time audio/video stream and/or multidimensional virtual reality and/or augmented

> reality and/or mixed reality content as on de-mand/real-time stream and accompanying documents that are created as reference and for download on a pay per view or subscription based channel. These products may be sold with or without the embedded software and hardware for advertisement and/or training and/or as deployment experience and/or informational education for a customer and/or potential customers and/or general audience. These products may be sold on stand alone basis or available to watch on demand for potential customers to increase product outreach and demonstrate various use cases. These products may be sold along with electronic or physical books and/or on demand video blogs or real time video /audio experiences on various topics of interest to general audience.

S.A. 56–57 (cleaned up). He amended his application three more times to include International Classes 9, 35 and 41. S.A. 65–91.

On June 8, 2023, the trademark examining attorney issued a nonfinal Office action refusing registration for failure to meet certain requirements. S.A. 93–97. Specifically, the examining attorney directed Mr. Duraisamy to (1) clarify the entity classification by either amending the legal entity type to "individual" since a name of an individual appears in the owner's name, or providing the name of the limited liability company as owner if the owner is in fact a limited liability company; (2) amend the description of the mark because the description must "identify only those literal and design elements appearing in the mark" and the description was inconsistent with the stylized wording appearing in the drawing; and (3) amend the identification of services required because Mr. Duraisamy's previous amendments of the identification of goods and/or services was "beyond the scope of the original identification." S.A. 94–96. The examining attorney provided Mr. Duraisamy

with a link to the U.S. Patent and Trademark Office's ("USPTO") online database for identifying and classifying goods and services in trademark applications.  S.A. 96.

Mr. Duraisamy addressed the examining attorney's refusal to register in separate responses to the nonfinal Office action.  S.A. 102–20.  He initially changed the entity type to "individual," S.A. 102, but changed it back to "limited liability company" while keeping his name as owner and adding "DBA Thalami,LLC" and "Thalami,LLC" in the "DBA/AKA/TA/Formerly" and "Internal Address" fields, respectively, S.A. 108–09.  He did not amend the description of the mark, stating that "there [was] no discrepancy in the description of the trademark."  S.A. 105.  Mr. Duraisamy also did not amend the identification of the goods and/or services; he argued that the examining attorney was incorrect and that he would also include International Class 38.  S.A. 105, 111, 114.  On June 14, 2023, the examining attorney issued a final Office action maintaining the refusal to register for the issues identified in the nonfinal Office action.  S.A. 130–33.  Mr. Duraisamy requested reconsideration, stating the examining attorney was "forcing a particular scope for the product itself."  S.A. 140.  The examining attorney denied Mr. Duraisamy's request for reconsideration, explaining that the identification of goods and/or services exceeded the scope "originally itemized in the application."  S.A. 218.  On June 17, 2023, Mr. Duraisamy appealed the examining attorney's decision to the Board.  S.A. 168.

On June 4, 2024, the Board affirmed the examining attorney's decision.  *Decision*, 2024 WL 3025989, at *8.  After addressing procedural and evidentiary matters, the Board noted that "the name of the applicant should be set out in its correct legal form," and if the application reflects an inconsistency between the owner name and entity type, the examining attorney must require the applicant to clarify the record.  *Id.* at *3 (citing 37 C.F.R. §§ 2.22(a)(1), 2.32(a)(2)).  The Board determined that "[i]t remains

unclear if the owner of the Application should be listed as Nagarajan Duraisamy, an individual; as Nagarajan Duraisamy, an individual DBA Thalami; as Thalami, LLC, a limited liability corporation; or some other variation." *Id.* at \*4. Next, the Board noted that a "description of the mark must be included in an application if the mark is not in standard characters" and "[i]f an applicant submits a color drawing or a description of the mark that indicates the use of color on the mark, the applicant must claim color as a feature of the mark." *Id.* (citing 37 C.F.R. §§ 2.37, 2.52(b)(1)). The Board determined that Mr. Duraisamy "uses black and white in the description of the mark to indicate colors of the text while simultaneously indicating that color is not a feature of the mark," and he includes reference to "type font Times New Roman," which is considered use of a registered mark and is prohibited in the description of a mark. *Id.* at \*4–5.

Finally, the Board noted that an applicant "may amend the identification of goods and services of its application during the course of examination 'to clarify or limit, but not to broaden, the identification of goods and/or services.'" *Id.* at \*5 (quoting 37 C.F.R. § 2.71(a)). The Board determined each of Mr. Duraisamy's amendments "to be unacceptable because they are indefinite and impermissibly broaden the initial identification of services." *Id.* at \*7. As a result, the Board concluded that Mr. Duraisamy failed to comply with the examining attorney's "requirements for an acceptable entity designation, description of the mark, and identification of services." *Id.* at \*8. Mr. Duraisamy filed a request for reconsideration, and on September 4, 2024, the Board denied Mr. Duraisamy's request, determining that he "failed to show why the reasoning for the decision was in error in any respect and requires correction." *In re Duraisamy*, No. 97552142, 2024 WL 4183232, at \*7 (T.T.A.B. Sep. 4, 2024).

Mr. Duraisamy timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

We review the Board's legal conclusions de novo and its underlying factual findings for substantial evidence. *In re Pacer Tech.*, 338 F.3d 1348, 1349 (Fed. Cir. 2003). We "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "without observance of procedure required by law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (D), (E); *see also In re Chestek PLLC*, 92 F.4th 1105, 1108 (Fed. Cir. 2024). Section 1051 of the Trademark Act authorizes the USPTO Director to "promulgate rules prescribing the requirements for [an] application" and requires applicants to "comply with such rules or regulations as may be prescribed by the Director." 15 U.S.C. § 1051(a)(4), (b)(4). "The [US]PTO has discretion to determine whether and how a trademark registration should include a more particularized statement of the goods for which the mark is [to] be used." *In re Omega SA*, 494 F.3d 1362, 1365 (Fed. Cir. 2007).

On appeal, Mr. Duraisamy argues that he is applying for trademarks "as owner of his company." Appellant's Informal Br. 16 ¶ 1. He requests an opportunity to "alleviate the factors" leading to refusal of his registration. *Id.* at 13 ¶ 5. He states that he has been facing financial burden and requests payment of application fees in four installments. *Id.* Mr. Duraisamy requests to replace the mark with an amended trademark design and description. *Id.* at 24–27 ¶¶ 7, 8.

We determine for three main reasons that the Board did not abuse its discretion in affirming the examining attorney's refusal to register Mr. Duraisamy's mark. First, the Board properly determined an inconsistency between the owner name and entity type. *Decision*, 2024 WL 3025989, at *4; *see also* 37 C.F.R. § 2.32(a). Mr. Duraisamy listed his name as the owner but "limited liability

company" as the legal entity type, and Mr. Duraisamy failed to appropriately amend his application or clarify whether an individual or entity was the owner.

Second, the Board properly determined that Mr. Duraisamy failed to submit an acceptable description of the mark. *Id.* at *4–5; *see also* 37 C.F.R. §§ 2.37, 2.52(b)(1). Mr. Duraisamy applied for a stylized mark that did not claim color, yet he mentioned color in his description. He also referenced Times New Roman, which is itself a registered mark (TIMES NEW ROMAN, U.S. Registration No. 1340165), but failed to appropriately amend or accept the examining attorney's language suggestions. *See Decision*, 2024 WL 3025989, at *5.

Third, the Board properly determined that Mr. Duraisamy's identification of goods and/or services is indefinite and his amendments to the identification section exceeded the scope of his original application. *Id.* at *7; *see also* 37 C.F.R. § 2.71(a). Mr. Duraisamy improperly expanded his identification of goods/services to extend beyond his original identification in International Class 42 and identify new goods and services in other classes. The USPTO notes in its brief that "[i]f Mr. Duraisamy cannot afford to pursue applications at this time, he may file in the future." Appellee's Br. 24–25. Accordingly, we affirm the Board's decision.

## CONCLUSION

We have considered Mr. Duraisamy's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.