NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**IN RE: NAGARAJAN DURAISAMY,**
*Appellant*

———————————

2024-2181

———————————

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 97829921.

———————————

Decided:  September 3, 2025

———————————

NAGARAJAN DURAISAMY, Fremont, CA, pro se.

MICHAEL CHAJON, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Coke Morgan Stewart.  Also represented by ROBERT J. MCMANUS, AMY J. NELSON, MARY BETH WALKER.

———————————

Before DYK, PROST, and STOLL, *Circuit Judges*.

PER CURIAM.

Nagarajan Duraisamy appeals from a decision of the U.S. Trademark Trial and Appeal Board ("Board") affirming the trademark examining attorney's refusal to register Mr. Duraisamy's mark for failure to provide an acceptable

and definite identification of goods and services along with the appropriate filing fees for the number of registration classes sought. *In re Duraisamy*, No. 97829921, 2024 WL 3026008 (T.T.A.B. June 4, 2024) ("*Decision*"). For the reasons set forth below, we affirm.

BACKGROUND

On March 8, 2023, Mr. Duraisamy applied for trademark registration of the mark:



S.A. 34–39.[1] Mr. Duraisamy listed the following under the identification of goods and/or services section of his application:

> Product name: Thalami Sensor Network. The product has hardware and software that accompanies it. The infrastructure might be considered as a new method or process to realize a network and how to leverage it. The applicability of the concept can be considered very ubiquitous and can be applied to multiple vertical domains Design and development of virtual (online virtual spaces like websites or virtual reality spaces) and real spaces (like town planning or design of various parts of a city or region), Consumer appliances and security systems, Industrial equipment, Surveillance, Emergency management in real or virtual world, Real estate, Sports, large venues (convention center or stadium), Education, Entertainment, Information Technology, Avionics, Communication, Navigation and mapping, Industrial automated and manual manufacturing, Textiles, Automobiles and Robotics,

---

[1] "S.A." refers to the supplemental appendix included with the government's brief.

Logistics (Storage/Warehouse/distribution), Agriculture, Medical, Retail, Hotels/ restaurants/hospitals, Transport networks, Media, Construction, Government, Trading networks, Public utilities like electricity and water, Public Transit and distribution networks (shipping/railways/airlines/drones/self driving or autonomous vehicles), Pharmaceutical research, Geological research, Research and Design of products, Point of sale or retail stores, Governance of Private/Public businesses, Defense, Consumer applications, movies, music, games and applications that require checks and balances like accounting, finance, inventory, compliance, security, sales, manufacturing, human resource management, customer relationship management and advertising. User interface that leverages virtual or mixed or augmented reality in addition to conventional user interface. I have applied for a provisional patent application number 63447002.

S.A. 35 (cleaned up). He listed International Class 42 as the class for the goods and/or services and paid the associated filing fees for one class. S.A. 35–36. International Class 42 covers "[s]cientific and technological services and research and design relating thereto; industrial analysis, industrial research and industrial design services; quality control and authentication services; design and development of computer hardware and software." 37 C.F.R. § 6.1.

On June 8, 2023, the trademark examining attorney issued a nonfinal Office action deferring review on the merits of Mr. Duraisamy's application until he "clarifie[d] the number of classes for which registration is sought and ensure[d] the required filing fees for all specified classes have been paid" as required by 15 U.S.C. § 1112 and 37 C.F.R. § 2.86(a)(2) and (b)(2). S.A. 45. The examining attorney explained that Mr. Duraisamy's identified goods and/or services fall in at least eleven classes, but he listed and

submitted filing fees for only one class. S.A. 45–46. The examining attorney informed Mr. Duraisamy that, within the response deadline, Mr. Duraisamy could amend his application to clarify or limit his identification of goods and/or services and pay the associated filing fees for all classes. S.A. 46. The examining attorney provided Mr. Duraisamy with a link to the U.S. Patent and Trademark Office's ("USPTO") online database for identifying and classifying goods and services in trademark applications. S.A. 46.

Mr. Duraisamy responded to the nonfinal Office action stating that his identified goods and/or services fall in Classes 9, 35, and 41, and arguing that "there is no discrepancy in the description of the trademark." S.A. 50. On June 13, 2023, the examining attorney issued a final Office action refusing registration and informing Mr. Duraisamy to clearly identify the nature of his goods and/or services, clarify the number of classes for which registration is sought, and pay the required fees for all specified classes. S.A. 63–64. Mr. Duraisamy requested reconsideration, stating that the goods and/or services identified in his application fall in Classes 9, 35, 38, 41, and 42, but that he needed "more time to make payment for the relevant classes." S.A. 69. On July 28, 2023, the examining attorney denied Mr. Duraisamy's request for reconsideration. S.A. 79–80. The examining attorney explained that Mr. Duraisamy failed to provide sufficient clarifying information "for purposes of creating an acceptable identification of goods and/or services." S.A. 79. On October 10, 2023, Mr. Duraisamy appealed the examining attorney's decision to the Board. S.A. 87–110.

On June 4, 2024, the Board affirmed the examining attorney's decision. *Decision*, 2024 WL 3026008, at *7. After addressing procedural and evidentiary matters, the Board noted that Trademark Rule 2.32(a)(6) requires that an application include a "list of the particular goods or services on or in connection with which the applicant uses or intends to use the mark." *Id.* at *5 (quoting 37 C.F.R.

§ 2.32(a)(6)). The Board explained that the "identification of goods or services must be specific, definite, clear, accurate and concise." *Id.* The Board determined that Mr. Duraisamy's "current identification is broad, vague and lacks specificity." *Id.* at \*6. The Board also noted that "[b]ecause the current identification includes goods and services in more than one class, additional fees for any additional classes are also required." *Id.* As a result, the Board concluded that "the refusals based on the requirement for an acceptable and definite identification of goods and services along with requiring payment of any additional classes is affirmed." *Id.* at \*7. Mr. Duraisamy filed a request for reconsideration, and on September 4, 2024, the Board denied Mr. Duraisamy's request, determining that he "failed to show why the reasoning for the decision was in error in any respect and requires correction." *In re Duraisamy*, No. 97829921, 2024 WL 4183233, at \*7 (T.T.A.B. Sep. 4, 2024).

Mr. Duraisamy timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

We review the Board's legal conclusions de novo and its underlying factual findings for substantial evidence. *In re Pacer Tech.*, 338 F.3d 1348, 1349 (Fed. Cir. 2003). We "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "without observance of procedure required by law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (D), (E); *see also In re Chestek PLLC*, 92 F.4th 1105, 1108 (Fed. Cir. 2024). Section 1051 of the Trademark Act authorizes the USPTO Director to "promulgate rules prescribing the requirements for [an] application" and requires applicants to "comply with such rules or regulations as may be prescribed by the Director." 15 U.S.C. § 1051(a)(4), (b)(4). "The [US]PTO has discretion to determine whether and

how a trademark registration should include a more particularized statement of the goods for which the mark is [to] be used." *In re Omega SA*, 494 F.3d 1362, 1365 (Fed. Cir. 2007).

On appeal Mr. Duraisamy argues that his "effort to provide clear description of goods and services ha[s] been questioned by examining attorneys" trying to inaccurately classify his "product development as service." Appellant's Informal Br. 26 ¶ 3. Mr. Duraisamy does not dispute that his identification of goods and services covers more than one class but requests at least "3 more months . . . to pay the fees" and to make payments "in 4 installments." *Id.* at 13 ¶ 5. He explains that he "couldn't pay required fees and surcharges to maintain the trademark application," *id.* at 6 ¶ 1(a), "due to financial burden [he] has been facing," *id.* at 13 ¶ 5.

We determine for two main reasons that the Board did not abuse its discretion in affirming the examining attorney's refusal to register Mr. Duraisamy's mark. First, the Board found Mr. Duraisamy's identification of goods and services unclear and indefinite. *Decision*, 2024 WL 3026008, at *6. For example, Mr. Duraisamy stated in the identification section of his application that the "infrastructure might be considered as a new method or process to realize a network" and he listed various fields including consumer appliances, automobiles, textiles, and real estate. S.A. 35. Further, although Mr. Duraisamy admitted in response to Office actions that his identification of goods and services included multiple classes, he did not amend his application, which listed only one class. *See Decision*, 2024 WL 3026008, at *5.

Second, the requirement for applicants to pay filing fees as part of their trademark applications is a statutory requirement. *See* 15 U.S.C. § 1112 ("a fee equaling the sum of the fees for filing an application in each class shall be paid"); *Decision*, 2024 WL 3026008, at *6. The USPTO

notes in its brief that "[w]hen Mr. Duraisamy has the resources, he can file a new application with a clear and definite identification of goods and services, and pay the fees for the classes he chooses to cover." Appellee's Br. 15. Accordingly, we affirm the Board's decision.

## CONCLUSION

We have considered Mr. Duraisamy's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

### COSTS

No costs.